IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DR. JA'MEZ JAHMEZ-JAMES ANTONIO REID, B.S., J.D., LL.M., D.O., and Candidate for the M.B.A. Degree, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 116-017 |
| MR. BARACK HUSSEIN OBAMA, Esq. POTUS #44 as result Commander-in-Chief, and DR. ROBERT CRONYN, DDS, | ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff brought the above-captioned case pursuant to 28 U.S.C. § 1402 alleging problems with medical treatment performed by Defendant Robert Cronyn. Because Plaintiff has failed to explain his failure to effect service or show proof of service upon Defendant within the fourteen days given in the Court's August 11, 2016 Order, (doc. no. 7), the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice for failure to timely effect service and this civil action be **CLOSED**.

On August 11, 2016, the Court directed Plaintiff to show cause as to why he had not served Defendant in the 90-day period given for service of process. (Doc. no. 7.) The Court gave Plaintiff fourteen days to explain the reasons for the delay and why the case should not be dismissed. (Id. at 2 (citing Fed. R. Civ. P. 4(m)). The Court had previously informed Plaintiff in

its instructions that if Defendants were not timely served within this 90-day period, the Court may dismiss the case. (Doc. no 4.) Plaintiff has not filed any responsive documents. Thus, Plaintiff has failed to comply with the Court's August 11, 2016 Order and has shown no proof that service has been effected upon Defendant.

Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "has discretion to extend the deadline for serving process if doing so is warranted by other circumstances." Idumwonyi v. Convergys, 611 F. App'x 667 (11th Cir. 2015); see also Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007) ("[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.").

Here, Plaintiff has not shown good cause for failing to timely effect service or comply with the Court's August 11, 2016 Order, and the Court finds that no other circumstances warrant an extension of the service period. Accordingly, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice for failure to timely effect service and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA